Dykman, J.
This action was brought for the-recovery of damages sustained by the plaintiff while in the employ of the defendants.
*553 It was the duty of the plaintiff to operate a scutching machine for dressing hemp in the factory of the defendants. The machine was inclosed, with an opening for the reception of the hemp to be carded, with no exposures or protuberances except the round smooth ends of the axletree, which protruded an inch or two from the box or cover on each side. It was the claim of the plaintiff that in throwing down the hemp, after it had been dressed, some of the strands or fibres caught in the protruding axle while it was revolving and while it was being so wound up in that manner, his fingers became entangled in the strands, and his' arm was drawn round and broken. The plaintiff had worked at this machine for over a year in the same situation he was at the time of the accident, with reference to the room and all its surroundings. The machine itself was in order, and the point of negligence sought to be established against the defendant upon the trial was the condition of the room in respect to light. It was claimed that the room was so dark that the plaintiff was unable to pursue his operations at the machine with safety.
It was a little after five o’clock in the afternoon of the ninth day of November, and it was customary to light the room in the evening abolit that time. It was lighted by electric lights, but on the day of the accident one of the electric lights was cut off, and the quantity of light seems to have been thus diminished, so that the only change which it is claimed induced the accident was the diminution of the light of the room where the plaintiff was at labor. That condition of the room was known to the plaintiff, and must have been appreciated by him at the time, as well as it could have been by the defendant. He had at the time equal or superior knowledge with his master as to the condition of the room and the surrounding circumstances under which he was required to perform the duties devolving upon him, and under such circumstances it by no means follows that the master is liable for injuries sustained. While due regard must in all cases be had to the fact that the servant has a right to rely- upon the master to protect him from danger and injury in selecting the location where he is to perform his duties, yet the servant has no claim against his employer for negligence, if he continues his service with full knowledge of the dangers by which he is surrounded, because, under such circumstances, the knowledge of the master is not superior to that of the servant. If, therefore, the darkness which surrounded the plaintiff at the time he sustained these injuries was fully appreciated by him, and the dangers which might re- *554 suit therefrom were within his full comprehension, there would seem to be no reason for charging his employer with negligence. Neither does the fact that he notified the foreman of the defendant of the defective light in the room, furnish him any further ground for relief.
If it was dangerous to work at the plaintiff’s occupation after the darkness had closed around the room as he claims, he must have been fully aware of the danger at the time, because'he states in his testimony that it had continued for two or three days. He also states in his testimony that he knew that it was dangerous to him to go on with his work when it was dark, and if, in the possession of that knowledge, he deliberately continued his work without any especial urgency or requirement to do so, he must be held to have assumed the consequences which might result from such continuation.
Our conclusion, therefore, is that the exceptions of the plaintiff should be overruled, and that the defendant have judgment upon the verdict, with costs of the action.
Barnard, P. J., concurs; Pratt, J., not sitting.